IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00441-BNB

JEFFREY BARTOSIEWICZ,

    Plaintiff,

v.

THE MESA COUNTY DETENTION CENTER, a Public Entity of The State of Colorado,
STAN HILKEY, in his official capacity as Sheriff of Mesa County,
CRAIG A. MILLER, in his official capacity as Jail Administrator of Mesa County,
MS. RADAR, in his [sic] individual capacity as Sergeant of Mesa County,
MR. JOSHUA HOLMES, MD, individually,
SUSAN GRIMBY, RN, individually,
CATHY VELDA, LPN, individually,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 9 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Jeffrey Bartosiewicz is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Bartosiewicz has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (2006). He asks for money damages and declaratory relief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Bartosiewicz is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Bartosiewicz will be ordered to file an amended complaint.

Mr. Bartosiewicz asserts that while he was a pretrial detainee at the Mesa County Detention Center in Grand Junction, Colorado, he either was denied proper medical care or was delayed in receiving proper medical care for his rheumatoid arthritis and for injuries resulting from his medical condition and weakness due to the alleged delay in treatment. He also complains that he suffers from hepatitis C and that he was ridiculed, ostracized, and threatened by co-inmates who learned of his condition through the defendants' failure to protect his medical privacy. On the basis of these allegations, he contends that the defendants were deliberately indifferent to his serious medical needs.

Mr. Bartosiewicz may not sue the Mesa County Detention Center. The detention center is not a separate entity from Mesa County and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the detention center must be considered as asserted against Mesa County.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385

(1989). Mr. Bartosiewicz cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

To the extent that Mr. Bartosiewicz asserts violations of his constitutional rights, personal participation by named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976) **Id.** Plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Sheriff Stan Hilkey or Jail Administrator Craig A. Miller, may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Plaintiff, therefore, will be directed to amend the complaint to name the proper defendants and to assert how they personally participated in the alleged constitutional violations. Accordingly, it is

ORDERED that Plaintiff Jeffrey Bartosiewicz file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Bartosiewicz, together with a copy of this order, two copies of the Prisoner Complaint form for use in submitting the amended complaint. It is

FURTHER ORDERED that Mr. Bartosiewicz submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Bartosiewicz fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED March 22, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00441-BNB

Jeffrey Bartosiewicz
Prisoner No. 130337
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 4/9/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk