IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00441-BNB

JEFFREY BARTOSIEWICZ,

     Plaintiff,

v.

MR. JOSHUA HOLMES, M.D., individually,
SUSAN GRIMBY, R.N., individually, and
CATHY VELDA, LPN, individually,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 7 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Jeffrey Bartosiewicz, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.  Mr. Bartosiewicz filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (2006) for money damages and declaratory relief.  He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) without payment of an initial partial filing fee.

On April 9, 2007, I ordered Mr. Bartosiewicz to file within thirty days an amended complaint that sued the proper parties and that alleged each Defendant's personal participation in the alleged constitutional violations.  On April 25, 2007, Mr. Bartosiewicz filed an amended complaint pursuant to 42 U.S.C. § 1983 (2006) for money damages and declaratory relief.

I must construe the amended complaint liberally because Mr. Bartosiewicz is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Bartosiewicz will be ordered to file a second amended complaint.

I have reviewed Mr. Bartosiewicz's amended complaint and find that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and

2

brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Bartosiewicz's amended complaint is prolix and confusing.  The amended complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  Mr. Bartosiewicz asserts that while he was a pretrial detainee at the Mesa County Detention Center in Grand Junction, Colorado, from October 24, 2005, until April 5, 2006, he either was denied proper medical care or was delayed in receiving proper medical care for his rheumatoid arthritis and for injuries resulting from his medical condition and weakness due to the alleged delay in treatment.  He also complains that he suffers from hepatitis C and that he was ridiculed, ostracized, and threatened by co-inmates who learned of his condition through the defendants' failure to protect his medical privacy.  On the basis of these allegations, he contends that the defendants were deliberately indifferent to his serious medical needs.

Rather than summarizing each of his two claims succinctly, Mr. Bartosiewicz apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated.  That is not the Court's job.  It is Mr. Bartosiewicz's responsibility to edit and organize his claims and supporting allegations into a manageable format.  Neither Defendants nor the Court is required to do this work for him.  It also is Mr. Bartosiewicz's responsibility to incorporate the seven pages of the amended complaint he has dedicated to the background or nature of the case into his asserted claims, instead of forcing the Defendants and the Court to refer to the nature of the case in order to try and understand his claims.  Mr. Bartosiewicz must assert,

3

simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Bartosiewicz should be given an opportunity to file a second amended complaint. He will be directed to do so below.

Finally, Mr. Bartosiewicz is advised that he must provide sufficient copies of the second amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Bartosiewicz should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Bartosiewicz file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Bartosiewicz, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Bartosiewicz submit sufficient copies of the second amended complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if Mr. Bartosiewicz fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED April 27, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00441-BNB

Jeffrey Bartosiewicz
Prisoner No. 130337
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on ___9/27/07___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk